UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

KAREEM ABDUL BLOCKER,

    Plaintiff,

v.

SGT. CHARELTON, et al.,

    Defendants.

Civil Action
No. 24-5677 (CPO) (MJS)

**OPINION**

**O'HEARN, District Judge.**

Plaintiff, a county inmate, is proceeding *pro se* with a civil rights Complaint pursuant to 42 U.S.C. § 1983. For the reasons stated in this Opinion, the Court will dismiss Plaintiff's claims seeking to terminate Defendants' employment for failure to state a claim and dismiss the remainder of the Complaint for lack of jurisdiction.

## I. BACKGROUND[1]

In this case, Plaintiff names Officer Wright and Sergeants Charleton and Liberty, employees at the Atlantic County Justice Facility, as Defendants. (ECF No. 1, at 4–6.) The Complaint contains few factual allegations. Plaintiff contends that Defendant Wright violated his rights by "disrespecting" him and "using sexuality talk to [Plaintiff's] private parts." (*Id.* at 5.) Plaintiff fears that this behavior will cause him to be "rape[d] by inmates." (*Id.*) Plaintiff alleges that he reported the behavior to Defendants Charleton and Liberty, but they refused to help him. (*Id.* at 4–6.)

---

[1] The Court will accept as true the factual allegations in the Complaint for the purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

Plaintiff filed the instant Complaint in April of 2024, alleging that Defendants violated unspecified rights. (*Id.* at 6.) In terms of relief, Plaintiff asks the Court to "fire[]" the Defendants and to be released from custody. (*Id.* at 6–7.)

## II.  STANDARD OF REVIEW

District courts must review complaints in civil actions in which a plaintiff is proceeding *in forma pauperis* and in which a plaintiff sues "a governmental entity or officer or employee of a governmental entity." *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(a).  District courts must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b).  When considering a dismissal for failure to state a claim on which relief can be granted, courts apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6).  *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

Consequently, to survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the [alleged] misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, while courts liberally construe *pro se* pleadings, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## III.  DISCUSSION

First, the Court will address Plaintiff's claim seeking to terminate the Defendants' employment. (ECF No. 1, at 6–7.)  The Court will construe the claim as seeking injunctive relief,

2

specifically to terminate the Defendants' employment.  However, this Court does not have the "authority to terminate the employment of a state employee," or to order an employer—who is not a party to this case—to fire the Defendants. *Buskirk v. Pennsylvania Bd. of Prob. & Parole*, No. 22-1826, 2022 WL 4542094, at *2 n.4 (E.D. Pa. Sept. 28, 2022) (collecting cases); *see also, e.g.*, *Curtis v. Lehigh Cnty. Dep't of Corr.*, No. 24-2602, 2024 WL 3461045, at *1 n.2 (E.D. Pa. July 18, 2024) ("To the extent Mr. Curtis seeks termination of employment, the Court has no authority to order such relief."); *Hall v. Carny*, No. 22-4094, 2023 WL 187569, at *1 n.3 (E.D. Pa. Jan. 13, 2023) (holding that a court "is not empowered" to terminate a defendant's employment); *Teal v. Moody*, No. 15-1402, 2019 WL 6702405, at *1 (M.D. Fla. July 10, 2019) ("[T]his Court does not have the authority to . . . terminate their employment."); *Theriot v. Woods*, No. 09-199, 2010 WL 623684, at *4-5 (W.D. Mich. Feb. 18, 2010) (holding that a request for an injunction to terminate the defendants' employment was "frivolous," "entirely improper," and "not available under 42 U.S.C. § 1983"); *Leek v. Thomas*, No. 09-3036, 2009 WL 1298499 at *3 (D. Kan. May 8, 2009) ("[P]laintiff's requests for . . . defendants to be fired from their State employment are beyond the authority of this court and therefore are not proper requests for relief in this action.").

The issue of whether the Defendants should be employed "is strictly a matter for [their] employer to determine," not this Court. *See, e.g.*, *Cranford v. Eyiuche*, No. 16-783, 2018 WL 3348736, at *3 (E.D. Cal. July 9, 2018) (collecting cases and explaining that a federal court may not attempt to determine the rights of parties not before the court).  As this Court does not have the authority to grant Plaintiff's claim seeking to terminate the Defendants' employment, the Court will dismiss that claim with prejudice, for failure to state a claim.

In Plaintiff's next and last claim for relief, he seeks an order for his release from the Atlantic County Justice Facility. (ECF No. 1, at 6.)  Plaintiff cannot, however, pursue his release in this

3

case, as "[s]uch remedies are not available" in a civil complaint.  *E.g.*, *Riley v. Tarantino*, No. 20-18864, 2022 WL 44626, at *4 (D.N.J. Jan. 5, 2022); *Roman v. Tyner*, No. 20-20344, 2021 WL 1589341, at *2 (D.N.J. Apr. 23, 2021); *Slaughter v. Christie*, No. 15-8327, 2016 WL 6804877, at *2 (D.N.J. Nov. 16, 2016).  When a person "is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  *E.g.*, *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Consequently, as Plaintiff can only pursue the remedy of release through a federal habeas petition, the Court will dismiss the remainder of the Complaint for lack of jurisdiction.  This dismissal is without prejudice to the filing of a federal habeas petition, after Plaintiff has exhausted his state court remedies, *i.e.*, after he has fairly presented each federal claim to each level of the New Jersey courts.  *See generally O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

## IV. CONCLUSION

For the reasons set forth above, the Court will dismiss with prejudice Plaintiff's request to terminate the Defendants' employment, for failure to state a claim, and dismiss the remainder of the Complaint for lack of jurisdiction.  An appropriate Order follows.

Dated:  August 15, 2024

/s/ Christine P. O'Hearn
**Christine P. O'Hearn**
**United States District Judge**